UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JACOB WILLIAMS,                                                      Case No. 14 CV 6087
                              Plaintiff,

                                                      **COMPLAINT**

     -against-
                                                      JURY DEMAND

THE CITY OF NEW YORK, P.O. ANTHONY
O'TOOLE, P.O. EDWARD JOHNSON [SHIELD #
14122], and JOHN DOE AND JANE DOE
#1-5 (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),
                           Defendants.
----------------------------------------------------------------X

Plaintiff, JACOB WILLIAMS, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Anthony O'Toole, P.O. Edward Johnson [Shield # 14122] and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully alleges as follows:

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of Far Rockaway, Queens County, City and State of New York.

5. At all relevant times, defendants P.O. Anthony O'Toole, P.O. Edward Johnson [Shield # 14122], John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about March 27, 2012, at approximately 1:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 81-03 Beach Channel Drive, Far Rockaway, New York, and charged plaintiff with PL 140.10(e) 'Criminal trespass in the third degree.' Additionally, on or about April 28, 2014, at approximately 2:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 87-12 Rockaway Beach Boulevard, Far Rockaway, New York, and charged plaintiff with PL 170.20 'Criminal possession of a forged instrument in the third degree.'

10. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to his April 28, 2014 arrest, plaintiff was the victim of scammers who had offered him a job as a secret shopper for Western Union.

12. After collecting his personal information, the scammers sent a counterfeit check to the plaintiff in the amount of $1,900.

13. Plaintiff was instructed by the scammers to keep $1,600 as payment for his services, wire $300 oversees and evaluate Western Union employees during the process.

14. After wiring $300 of his own money to the scammers, plaintiff attempted to cash the counterfeit check at Belair Payroll Services, Inc. d/b/a College Point Check Cashing which is located at 87-12 Rockaway Beach Boulevard, Far Rockaway, New York.

15. Within a few minutes of presenting the check to the cashier for payment, approximately three (3) defendant officers appeared at the scene.

16. After interviewing the cashier and the plaintiff, the officers observed that the plaintiff lacked any knowledge that the check was forged and did not intend to defraud, deceive or injure College Point Check Cashing or anyone else.

17. The officers concluded that the plaintiff did not commit any crime.

18. Immediately thereafter, approximately two (2) additional defendant officers arrived at the scene.

19. After briefly conferring among themselves, defendant officers changed course and proceeded to arrest the plaintiff.

20. Defendant officers forcibly grabbed the plaintiff and tightly handcuffed him with his hands placed behind his back.

21. After falsely arresting the innocent plaintiff, defendant officers transported the plaintiff to NYPD-100th Precinct.

22. After detaining the plaintiff for a lengthy period of time at the precinct, defendant officers released plaintiff from his unlawful detention.

23. Prior to his March 27, 2012 arrest, plaintiff was on a visit to his friends who reside approximately 0.3 miles away from him at 81-03 Beach Channel

|  |  |
|---|---|
|  | Drive, Far Rockaway, New York, when defendant officers suddenly approached him and started questioning him. |
| 24. | As defendant officers continued to pester plaintiff, he was forced to ask defendant officers to leave him alone and did indicate that he did not want to be bothered. |
| 25. | In retaliation for plaintiff's request to be left alone, defendant officers arrested the plaintiff and tightly handcuffed him with his hands placed behind his back. |
| 26. | The plaintiff was then subjected to an illegal search, with defendant officers pushing, shoving and grabbing the plaintiff. |
| 27. | Even though defendant officers did not recover any contraband from their illegal search, defendant officers nonetheless forcibly pushed plaintiff into their police vehicle. |
| 28. | Eventually, plaintiff was transported to NYPD-100th Precinct. |
| 29. | After detaining the plaintiff for a lengthy period of time at NYPD-100th Precinct, plaintiff was transported to the Central Booking to await arraignment. |
| 30. | While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office. |
| 31. | During this meeting, defendant officers falsely stated to the prosecutors that the plaintiff knowingly entered or remained unlawfully in a public housing project. |
| 32. | Based on the false testimony of defendant officers, a prosecution was commenced against plaintiff. |
| 33. | On or about May 8, 2012, the false charge(s) levied against the plaintiff was summarily dismissed. |
| 34. | That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. |

35. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

36. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, failure to intervene, deliberate indifference, cruel and inhuman treatment, cruel and unusual punishment, unlawful entry, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecution.

39. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

41. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or

|     | |
| --- | --- |
|     | usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. |
| 43. | Additionally, defendant City of New York, acting through Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court. |
| 44. | Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities. |
| 45. | Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. |
| 46. | Upon information and belief, many of the named individual defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, upon information and belief, many of the named individual |

|     |     |
| --- | --- |
|     | defendants are or were named defendants in numerous lawsuits in this district and in SDNY and state courts alleging similar claims as those alleged herein -- many of which lawsuits have been settled by defendant City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits. |
| 47. | In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-100th Precinct -- as the named individual defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses. |
| 48. | Most of the arrests and charges made by officers assigned to the NYPD-100th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence. |
| 49. | Upon information and belief, defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-100th Precinct relating to similar arrests and charges as those described herein. |
| 50. | That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein. |
| 51. | The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process. |
| 52. | By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth and Fourteenth |

Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

53. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

55. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

57. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

58. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of consortium, harassment, tortuous interference, abuse of power, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       October 17, 2014

                    UGO UZOH, P.C.

                    /s/

                    _____

By:    Ugochukwu Uzoh (UU-9076)  
        Attorney for the Plaintiff  
        304 Livingston Street, Suite 2R  
        Brooklyn, N.Y. 11217  
        Tel. No: (718) 874-6045  
        Fax No: (718) 576-2685  
        Email: u.ugochukwu@yahoo.com